UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.7:13-CV-78-BO

| | | |
|---|---|---|
| BRAD R. JOHNSON, and ELCI WIJAYANINGSIH, Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) | ORDER |
| ABBY POPE, ELIZABETH BILETH, WINFORD BARR, THOMAS G. WALKER, JONATHAN D. CARROLL, UNITED STATES OF AMERICA, Defendants. | ) ) ) ) ) ) | |

This matter is before the Court on defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [DE 11] and plaintiffs' motion for entry of default [DE 14]. For the reasons discussed below, defendants' motion is granted and plaintiffs' motion is denied.

## I. BACKGROUND

Plaintiffs, husband and wife, proceeding *pro se*, filed this action following an audit by the Internal Revenue Service (IRS). Plaintiffs have filed a claim for refund to recover overpayment of federal income tax, 26 U.S.C. § 7422, *Bivens* claims for money damages against the individual defendants, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) against the individual defendants, 18 U.S.C. § 1961, as well as a claim for injunctive and declaratory relief.

Plaintiffs earlier filed a *Bivens* action against defendants Barr, Pope, and Bileth for alleged

overpayment of federal income tax in 2006 and 2007. No. 7:11-CV-104-BO. This Court dismissed that action, holding that the United States was the proper defendant, that a *Bivens* action was not proper where Congress had determined that a refund action was an appropriate remedy for overpayment of tax, and that no declaratory or injunctive relief was available. [DE 37; 7:11-CV-104-BO]. Plaintiffs appealed, and the court of appeals affirmed this Court's dismissal of plaintiff's complaint. 514 Fed App'x 343 (4th Cir. 2013) (unpublished).

## DISCUSSION

## MOTION TO DISMISS

I. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II. CLAIMS AGAINST WALKER AND CARROLL

All claims against defendants Walker and Carroll must be dismissed for failure to state a claim upon which relief can be granted. Each of the complained of actions by these defendants were taken while representing the United States in suit, for which they are entitled to absolute

2

immunity. *Frye v. Melarango*, 939 F.2d 832, 836-37 (9th Cir. 1991); *Barrett v. United States*, 798 F.2d 565, 571-73 (2nd. Cir. 1986) (absolute immunity applies to government attorney in initiating and defending civil suit).

III. COUNTS II & III: *BIVENS* CLAIMS AGAINST BARR, POPE, & BILETH

Plaintiffs' *Bivens* claims against Barr, Pope, and Bileth must be dismissed as they are barred by the doctrine of collateral estoppel and the Court lacks jurisdiction to consider them. As noted above, the issue of whether this Court has jurisdiction to consider a *Bivens* action against Barr, Pope, and Bileth regarding plaintiffs' alleged overpayment has already been decided. "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit [sic] so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (dismissing second case against individual tax agents where earlier case had been dismissed for lack of jurisdiction). As the court of appeals has specifically held, "taxpayers [can]not claim damages under *Bivens* against individual IRS agents." *Johnson v. Barr*, 514 Fed. App'x at 344 (citing *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 409 (4th Cir. 2003)).

IV. COUNT IV & V: RICO CLAIMS AGAINST BARR, POPE, & BILETH

Plaintiffs have denominated their RICO claims against defendants Barr, Pope, and Bileth in their individual capacities. Each of the actions complained of, however, were taken while these defendants were acting in their official capacities as IRS agents, including where they are alleged to have engaged in schemes to defraud plaintiffs of their interest in property. Claims against agents of the government acting in their official capacity are in reality claims against the

3

United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The United States has not waived its immunity from suit for RICO claims. *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20, 22-23 (2nd Cir. 1989); *see also Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("it is clear that there can be no RICO claim against the federal government."). Further, insofar as plaintiffs' RICO claims may be properly construed as against the tax defendants in their individual capacities, plaintiffs have failed allege with the requisite specificity that these defendants engaged in fraud. Fed. R. Civ. P. 9(b) (a party must state with particularity the circumstances constituting the fraud). While plaintiffs have recited the elements of their cause of action, nothing alleged in their complaint would allow the court to draw the reasonable inference that these defendants are liable for RICO violations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

V. COUNT VI: CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs also raise a claim for declaratory and injunctive relief. As the Court has already found in the earlier action, which decision the court of appeals affirmed, pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a), courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes. *Judicial Watch,* 317 F.3d at 405. Additionally, the Declaratory Injunction Act, 28 U.S.C. § 2201(a), provides that the United States is immune from suits seeking declaratory relief from payment of federal taxes. *See also E.J. Friedman Co. v. United States*, 6 F.3d 1355, 1358-59 (9th Cir. 1993). The Court therefore lacks jurisdiction over this claim and plaintiff is barred from re-litigating this jurisdictional issue that has already been decided.

4

## MOTION FOR ENTRY OF DEFAULT

Plaintiff's motion for entry of default is denied. Rule 12(a)(4) of the Federal Rules of Civil Procedure provides that upon the filing of a motion under Rule 12, the time to file a responsive pleading is extended to expire fourteen days after notice of the court's action on the Rule 12 motion. This rule applies even when, as here, a partial motion to dismiss has been filed. *See e.g. Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) ("filing a partial motion to dismiss will suspend the time to answer those claims . . . that are not subject to the motion."). Accordingly, the time for filing a responsive pleading to count one of plaintiffs' amended complaint has not expired and entry of default is not warranted.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 11] is GRANTED. Counts II, III, IV, V, and VI against defendants Pope, Bileth, Barr, Walker, Carroll, and the United States are DISMISSED for want of subject matter jurisdiction and failure to state a claim. Plaintiffs' claim for refund against the United States, Count I, remains. Plaintiffs' motion for entry of default [DE 14] is DENIED.

SO ORDERED, this _10_ day of December, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE