IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-78-BO

| | |
|---|---|
| BRAD R. JOHNSON, and <br> ELCI WIJAYANINGSIH, <br><br> Plaintiffs, <br><br> v. <br><br> ABBY POPE, UNITED STATES OF AMERICA, et al. <br><br> Defendants. | **ORDER** |

This matter is before the Court on the United States' motion for protective order and costs [DE 27], plaintiffs' motion for default judgment or, in the alternative, motion to compel [DE 29], and plaintiffs' motion for hearing [DE 33]. For the reasons stated herein, defendant's motion for protective order is GRANTED IN PART and DENIED IN PART, plaintiffs' motion for default judgment is DENIED, and plaintiffs' motion for hearing is DENIED AS MOOT.

## BACKGROUND

Plaintiffs, husband and wife, proceeding *pro se*, filed this action following an audit by the Internal Revenue Service ("IRS"). Plaintiffs filed several claims and this Court dismissed all of their claims except for their claim for refund against the United States of America. [DE 20]. Defendant United States now seeks a protective order forbidding what the government terms "improper discovery requests."

## DISCUSSION

I.   MOTION FOR PROTECTIVE ORDER.

"Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense." FED. R. CIV. P. 26(b)(1) (emphasis added). Although discovery is broad, it does have limits. Rule 26(c) allows

> A party or any person from whom discovery is sought [to] move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; . . . [and] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . .

FED. R. CIV. P. 26(c). The Court may require the party whose conduct necessitated the protective order to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5) (made applicable to a motion for protective order by FED. R. CIV. P. 26(c)(3)). However, the Court notes that a protective order pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). The United States argues that most of plaintiffs' requests greatly exceed the scope of plaintiffs' refund claim, seek information that is irrelevant, and are overly broad, unduly burdensome, and completely pointless.

Specifically, the government first objects to interrogatories 7, 8, 13, 14, and 15, and document requests 4–6, 10, 11, and 12, because it argues that they improperly seek the factual and legal analysis undertaken by IRS employees in connection with the administrative examinations and determinations of plaintiffs' tax liabilities. The government argues that these matters are not discoverable because the Court does not review administrative decisions and will

2

determine this case *de novo*. Plaintiffs object that these interrogatories and document requests go to the plaintiffs' burden of proof in a tax refund claim.

> In a tax refund suit, a deficiency assessment by the Commissioner of Internal Revenue is presumed to be correct and the taxpayer must overcome this presumption by a preponderance of the evidence. The taxpayer must also prove the exact amount of the refund to which he is entitled.

*Kilgore v. United States*, 1994 U.S. App. LEXIS 29099 at *2 (4th Cir. Oct. 18, 1994) (citations omitted). Therefore, plaintiffs argue, they do not seek answers from the government so that the Court can review the administrative decisions, but rather so that they have the information necessary to show the exact amount of refund they are due and to be able to dispute the reasonableness of the government's litigation position so that they can seek reasonable attorney's fees and costs should they prevail on the merits of this litigation. *See* 26 U.S.C. § 7430(c)(4).

The Court notes that it does not sit in review of the IRS's administrative determination. *See Nat'l Right to Work Legal Defense and Educ. Found., Inc. v. United States*, 487 F. Supp. 801, 805 (E.D.N.C. 1979). However, the Court is also cognizant of the plaintiffs' burden of proof and recognizes that the IRS may have information necessary to plaintiffs' ability to prevail in this case. Interrogatories 7, 8, and 13 and document requests 4–6, and 10 clearly seek information and documents regarding the actual assessments of the IRS. As such they are irrelevant and these requests are forbidden. No further inquiry into these matters will be allowed. However, interrogatories 14 and 15 and document requests 11 and 12 clearly seek the facts relied on by the IRS in making its determinations. Plaintiffs acknowledge that the Court is not conducting a review of the validity of the assessments made and is instead conducting a *de novo* review. The facts the IRS considered in making its assessments and reaching its conclusions as to plaintiffs' tax liabilities are clearly pertinent to plaintiffs' ability to meet their burden of proof regarding the proper amount of taxes that should have been owed and the legitimacy of the

3

government litigation position. As such the government's motion is denied as it pertains to these requests.

The government also objects to the interrogatories and document requests that pertain to tax years 2008 and 2009 as plaintiffs seek a refund claim for the 2006 and 2007 tax years only. Plaintiffs have sufficiently explained how the information regarding tax years 2008 and 2009 are relevant to their claims and as such the government's motion is denied as to the interrogatories and document requests pertaining to these tax years.

The United States also objects to interrogatories 10–12 and document requests 8 and 9 which seek information and materials concerning the administration and enforcement of the Treasury Regulation governing the extraordinary personal services exception and "other litigation" concerning the exception. These requests are clearly improper as the information sought bears no relevance on whether or not the exception applies in this instance. Accordingly these requests are forbidden as is future inquiry into these matters.

The government also asks the Court to forbid interrogatories 9 and 13 and document requests 6 and 10 on the grounds that they seek information about the IRS's collection efforts against plaintiffs in years which are not pertinent to this claim. Plaintiffs have adequately shown that how these other tax years affect their claim and this ground alone is insufficient to forbid these requests. However interrogatory 13 and document requests 6 and 10 have already been forbidden by this Court.

The government also argues that plaintiffs' interrogatories and requests are overly broad, unduly burdensome and completely pointless. The government fails to specify which interrogatories and requests fall under this category of deficiency. The Court does not find good cause to completely forbid all of plaintiffs' attempts at discovery.

4

Case 7:13-cv-00078-BO   Document 35   Filed 07/22/14   Page 4 of 6

The government also complains that plaintiffs' interrogatories are improperly lumped together so as to avoid the limitation to 25 interrogatories set by this Court's scheduling order. The Court does not find fault with plaintiffs' interrogatories here as each interrogatory seeks details about a common theme and it is not unfair to consider them a single interrogatory for purposes of the numerical limit.

Finally the government seeks a protective order because it argues interrogatory 16 and document requests 13, 15, and 16 seek privileged information. These requests are forbidden because they do seek privileged information.

In summary, the United States' motion for protective order is granted in part and denied in part. Interrogatories 7, 8, 10–13, and 16 and document requests 4–6, 8–10, 13, 15, and 16 are forbidden and no further inquiry into these matters is allowed. Because plaintiffs' interrogatories are not clearly out of bounds, and plaintiffs prevailed on some of the matters, this Court does not find an award of costs and attorney's fees to be appropriate here.

II. MOTION FOR DEFAULT JUDGMENT.

Plaintiffs move for an entry of default or, in the alternative for an order to compel the United States to respond to plaintiffs' discovery requests. Plaintiffs' base their motion on the United States willfully and intentionally refusing to cooperate in discovery by not responding to their written interrogatories and production requests. However, the United States timely filed a motion for protective order which this Court ruled on *supra* Part I. As such, an entry of default or order to compel is clearly unwarranted here. Requesting such relief when it is so obviously undeserved casts doubt on the presumed good faith of plaintiffs' litigation strategy. Plaintiffs are warned that meritless and frivolous motions are not looked upon favorably by this Court and may lead to sanctions against plaintiffs. Plaintiffs' motion is denied.

III. MOTION FOR HEARING.

Plaintiffs seek a hearing on their motion for default judgment and on the government's motion for a protective order. As this Court has ruled on the motions *supra* Part I and II, plaintiffs' motion for hearing is denied as moot.

## CONCLUSION

For the foregoing reasons, defendant's motion for protective order is GRANTED IN PART and DENIED IN PART. Interrogatories 7, 8, 10–13, and 16 and document requests 4–6, 8–10, 13, 15, and 16 are forbidden and no further inquiry into these matters is allowed. The Court DOES NOT award of costs and attorney's fees. Plaintiffs' motion for default judgment is DENIED, and plaintiffs' motion for hearing is DENIED AS MOOT.

SO ORDERED.

This the 21 day of July, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE