IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-00078-BO

| | | |
|---|---|---|
| BRAD R. JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ABBY POPE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court to address Plaintiff Johnson's Emergency Motion to Compel, filed on February 25, 2015 [DE-79]. The time for filing a responsive brief has expired and the pending motion is ripe for adjudication. For the reasons set forth below, the motion is denied as moot and no sanctions will be awarded.

Here, Plaintiff Johnson seeks an order from the court compelling Abby Pope, a managing agent of Defendant United States of America, to appear at her individual deposition, at a time and place to be fixed by the Court, and seeking costs incurred in bringing the motion to compel and attending a previously-noticed deposition for Pope. Pl.'s Mot. [DE-79] at 1-9. On January 27, 2015, the court granted in part Plaintiff Johnson's earlier motion to compel the individual depositions of Pope and John Molloy, another managing agent of Defendant United States. [DE-65]. After Defendant and Plaintiff Johnson both filed motions related to the scheduling of those depositions [DE-77, -79], the court held a telephonic hearing and issued an oral order directing the individual deposition of Molloy to take place on February 27, 2015, and the deposition of Pope to take place on March 6, 2015. Feb. 25, 2015 Oral Order. Accordingly, as Plaintiff Johnson's motion to compel relates to Pope's individual deposition and the court has already directed that the

deposition take place, the relief Plaintiff Johnson seeks is now moot.

Sanctions are available in conjunction with a motion to compel discovery. Fed. R. Civ. P. 37(a)(5) (providing for sanctions if the court grants, denies, or grants in part and denies in part a motion to compel); 37(d)(3) (providing for sanctions if a party fails to attend its own deposition). The rules provide, however, that the court should not award sanctions if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii) & (B); 37(d)(3). Further, "the imposition of discovery sanctions is generally within the sound discretion of the trial court." *Billips v. N.C. Benco Steel, Inc.*, No. 5:10-CV-095-RLV-DCK, 2011 WL 34416, at *5 (W.D.N.C. Aug. 8, 2011) (unpublished) (internal citations and quotation omitted). Here, given the protracted discovery disputes and the parties' failure to communicate effectively, the court determines that sanctions are unwarranted.

## CONCLUSION

It is therefore ordered that Plaintiff Johnson's Emergency Motion to Compel [DE-79] is DENIED AS MOOT.

SO ORDERED, this the 2 day of April 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

2