UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.7:13-CV-78-BO

| | |
|---|---|
| BRAD R. JOHNSON, and ELCI WIJAYANINGSIH,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | **ORDER** |

This cause comes before the Court on plaintiffs' motion for partial summary judgment and the government's motion for summary judgment. The appropriate responses and replies have been filed and the matters are ripe for ruling. For the reasons discussed below, the government's motion is granted and plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs, proceeding in this action *pro se*, filed a complaint to recover overpayment of federal income tax, 26 U.S.C. § 7422, and alleging *Bivens* claims for money damages against individual defendants, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) against individual defendants, 18 U.S.C. § 1961; as well as a claim for injunctive and declaratory relief. By order entered December 11, 2013, the Court granted the government's motion to dismiss, leaving only plaintiffs' claim to recover overpayment pending against the United States.

Plaintiffs seek a refund to recover for alleged overpayment of federal income tax for calendar years 2006 and 2007. Plaintiffs seek entitlement to deduct losses they allegedly incurred in 2006 and 2007 in connection with three rental properties – two in Myrtle Beach, South Carolina and one in Kankakee, Illinois. Plaintiffs dispute the government's determination

that these rental properties constitute passive activities and are therefore subject to loss limitations, claiming that they meet the extraordinary personal services exception. 26 U.S.C. § 469; Temp. Treas. Reg. § 1.469-1T(e)(3)(ii)(C). Plaintiffs alleged alternatively that they meet the real estate professional exception to the passive activity loss rules, *see* 26 U.S.C. §§ 469(c)(7), but have have abandoned this alternative theory. [DE 39]. Thus, the only issue before the Court is whether plaintiffs satisfy the extraordinary personal services exception.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

2

I.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In an action to recover overpayment of tax, the taxpayer bears the burden of proof by a preponderance of the evidence to demonstrate that the determination was incorrect as well as the correct amount of tax, if any. *Audano v. United States*, 428 F.2d 251, 257 (5th Cir. 1970); *Cook v. United States*, 46 Fed. Cl. 110, 116 (Fed. Cl. 2000). "[T]he rationale for imposing the burden of proof on the taxpayer often focus on several factors, typically the presumption of administrative regularity; the likelihood that the taxpayer will have access to the relevant information; and the desirability of bolstering the record-keeping requirements of the Code." *Cook*, 46 Fed. Cl. at 116 (internal quotation and citation omitted).

In general, losses from a passive activity cannot offset a taxpayer's non-passive income in order to lower taxable income in the current tax year. 26 U.S.C. § 469(a)(1); *see also Kessler v. C.I.R.*, 85 T.C.M. (CCH) 1543, 2003 WL 21471695 *2 (Tax 2003). Any qualifying loss from a passive activity is treated as a deduction or credit allocable to the activity in the next taxable year. 26 U.S.C. § 469(b). A passive activity is a trade or business activity in which the taxpayer does not materially participate; rental activities are expressly defined as *per se* passive activities. *Id.* at § 469(c)(1)-(2).

An exception to the rule that rental activities are *per se* passive exists where the taxpayer provides extraordinary personal services in connection with making the property available for use by customers. Temp. Treas. Reg. § 1.469-1T(e)(3)(ii)(C). An example of this exception is a hospital – the use by customers of the hospital property, including overnight lodging and provision of meals, is incidental to the services they receive from the doctors and nurses. *Id.* at (e)(3)(v). This exception means that an activity involving the use of tangible property is *not* a rental activity, and therefore a *per se* passive activity, if extraordinary personal services are

3

provided. Even if a taxpayer demonstrates that the extraordinary personal services exception applies, he must still show that he materially participated in the activity. *Assaf v. C.I.R.*, T.C.M. (RIA) 2005-014, 2005 WL 209726 *5 (Tax 2005).

The government has demonstrated that it is entitled to summary judgment on plaintiffs' claim that they qualified for the extraordinary personal services exception in tax years 2006 and 2007. Plaintiffs allege that they provided primarily routine amenities and services at their three rental properties. As listed in their complaint, plaintiffs provided their occupants with recreational activities such as fire and horseshoe pits, satellite television service, kitchen dishes and appliances, furniture, cleaning supplies and periodic household services, landscaping, bathroom toiletries, laundry facilities, and continental breakfast items. [DE 5]. Such services are commonly provided by landlords and do not themselves support application of the extraordinary personal services exception. *See e.g.* Temp. Treas. Reg. § 1.469-1T(e)(3)(v) (providing that use by students of boarding school dormitories, in which meals, laundry facilities, and recreational activities are presumably provided, are subject to the extraordinary personal service exception because such services are incidental to their receipt of personal services provided by the staff of the school).

Plaintiffs further allege that plaintiff Johnson provided counseling services to their residents upon request, including legal, tax, financial, and psychological counseling, and that a resident's occupancy of a room in one of plaintiffs' properties was incidental to his or her receipt of significant personal services. As evidence in support thereof, plaintiffs have proffered their own verified statements and the verified statement of a resident, William Fitchett. Mr. Fitchett's statement avers that he decided to move into one of Johnson's rental homes not for the non-exclusive right to reside in a room, but instead to receive services promised, which included

4

counseling services. [DE 85-3 ¶ 6]. Mr. Fitchett further states that he observed other occupants of the house receiving the services outlined in plaintiffs' complaint. *Id.* at ¶ 7-8.[1]

Even construing all of the facts and inferences in favor of plaintiffs, their evidence simply fails to establish that any material facts are in dispute or that the government is not entitled to judgment as a matter of law. Plaintiff Johnson's deposition reveals that in relation to his Illinois property he provided counseling services on an "occasional or as needed basis" over the phone. Johnson Dep. at 173- 175. Johnson testified that he could not remember any specific examples of counseling services provided other than evicting one of his tenants. *Id.* at 173. Johnson testified that in relation to his Myrtle Beach properties his counseling services were provided on a weekly basis, which included helping occupants with problems such as drug issues, tax issues, drinking, and depression. *Id.* at 194-98. Johnson described his rental homes as being marketed as a place where an occupant would join a group of people, become a member of a household, and receive services. *Id.* at 200. However, Johnson further stated that his rentals were not advertised as homes where counseling services would be provided, but rather that these services were explained "to the people coming in." *Id.* at 201.

None of the unsubstantiated evidence proffered by plaintiffs would support a finding that their rental homes in either Illinois or South Carolina offered services that were "akin to those services offered by a hospital or school, where the prime concern of the tenants is the receipt of services, whether medical, teaching, or, [this] case, legal[, financial, and psychological] ." *Assaf,* 2005 WL 209726 *4. The only statement provided by someone other than plaintiffs merely reveals that the "services" promised were provided; such "services" included the provision of

---

[1] The Court notes that none of the "verified statements" provided by plaintiffs, their own or Mr. Fitchett's, were witnessed by a notary public or carry any other indicia of verification. Indeed, Mr. Fitchett has allegedly signed his verified statement as a "Plaintiff, pro se."

continental breakfast items, furniture, and laundry facilities, which, as discussed above, do not constitute extraordinary personal services. The only "services" which would differentiate plaintiffs' rental homes from typical rental properties were the counseling services allegedly provided, and plaintiffs have simply failed to proffer anything more than their own conclusory statements to support a finding that the occupants' use of their property was incidental to their receipt of counseling services provided by Johnson.

II. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Because summary judgment on plaintiffs' claim is appropriate in favor of the government, plaintiffs' motion for partial summary judgment is denied. Moreover, plaintiffs' motion seeks judgment in their favor on issues not relevant to their claim of overpayment and for refund. Plaintiffs contend that the government's alleged failure to respond to plaintiffs' interrogatories on the following material issues amounts to admissions of the same: whether plaintiffs acted with reasonable cause and in good faith under 26 U.S.C. § 6664(c)(1) in taking the position that plaintiffs' business losses for 2006 and 2007 were not subject to the passive activity loss provisions; whether all of plaintiffs' examination changes for 2006 and 2007 were the result of the government's limitation of an activity's loss under the passive activity loss provision; and whether in the examination report of former defendant Bileth dated April 4, 2011, any change was made by the government to plaintiffs' federal income tax returns as the result of a disallowance of an expense deduction.

As noted by the government, only plaintiffs' § 7422(a) refund claim remains at issue in this case, and to prevail on that claim plaintiffs must only show that they incurred losses in 2006 and 2007, that those loses are not barred by the passive activity loss rules, and the amount of tax they actually owe for 2006 and 2007. 26 U.S.C. § 469; Temp. Treas. Reg. § 1.469-

6

1T(e)(3)(ii)(C) and (e)(3)(v). None of the issues on which plaintiffs' seek summary judgment in their favor are germane to the § 7422 inquiry, and thus their motion is properly denied.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiffs' motion for partial summary judgment [DE 66] is DENIED and the government's motion for summary judgment [DE 74] is GRANTED. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED this **2 7** day of July, 2015.

<span style="text-align:right">
*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE
</span>

7